We'll turn to the next case, FUTIA v. Westchester County Board. Mr. FUTIA, just let me make sure that the lawyers on the other side are on the phone. Mr. Chan, are you on the phone? Yes, Your Honor. I'm here. And Mr. Finkel? Yes, Your Honor. All right. Mr. FUTIA, you can go ahead. I'm sorry. Mr. Schultz is going to argue. Mr. Schultz is going to argue. Go ahead. Good morning, Your Honors. If it please the Court, my name is Robert Schultz. I'm here along with Anthony FUTIA. We're both pro se plaintiffs, appellants in the matter. We're both citizens of the United States, residents of the state of New York, and sworn to support and defend the Constitution for the United States and the state of New York. This case arose because the elected officials who run Westchester County and the town of Harrison voted to increase their financial compensation and to have that increase take effect without an intervening general election. This violates both the constitutional law and principles set forth in both our federal and state constitutions. For plaintiffs, the overriding question is the meaning. Upon learning of this violation, Mr. FUTIA and I respectfully, thoroughly, professionally petitioned the officials in both the county and the town for a redress of the violations. They did not respond. For us, the overriding question in this case is the meaning of the First Amendment right to petition the government for redress of grievances, especially violations of the Constitution. Whether the right to petition the government for redress of grievances is, in fact, an individual, unalienable civil liberty, a promise given full faith and credit when the nation was founded, one of our most significant checks and balances, thus not to be infringed, abridged, or abolished by government officialdom, either the legislature, executive action, or, with respect, judicial interpretation. The record shows we plaintiffs relied on... Mr. Schultz, I just want to make a comment. You actually did petition, didn't you? Yes, we did. Well, we petitioned... You exercised your right. Yes, here with this court, yes, but we first petitioned... Not just to petition here, but to petition there as well, didn't you? Yes, and we... But, Your Honor, we relied on a very thorough, written in the record, historical record of the right to petition, the origin and line of growth, the purpose and the scope of that right. We relied on that, and that historical record makes clear that when we, the people, petition the executive and legislative officials, they are obligated to respond, and they did not, and so we were forced to come to, rather, to peacefully petition the court. The record shows we relied on a thorough, written, historical review of the petition clause. The defendants and the district court relied on the Minnesota v. Knight case. It's an inapplicable case. It deals with public employees petitioning their public employers involving grievance procedures. That case was decided by the Supreme Court in 1984. In 2011, the case we're relying on is Borough of Duryea v. Guarneri, decided by the Supreme Court in 2011. In arguing, defendants were obligated to respond. We relied on the right and the decision in the Borough of Duryea case. Let me quote briefly. It's in the record, but let me say, the Supreme Court has made clear in Borough of Duryea, in any manner involving the right to petition, interpretation of the petition must be guided by the objectives and aspirations that underlie the right. That's Guarneri, page 388. Also, the court said, some effort must be made to identify the historic and fundamental principles, as we did, that led to the enumeration of the right to petition in the First Amendment, among other rights fundamental in history. That's abundant historical evidence that petitions were directed to the executive, your point, your honor, were directed to the, this is Judge Thomas, I think, added this. There is abundant historical evidence that petitions were directed to the executive and legislative branches of the gang rule in 1834. So, Minnesota versus Knight, the court, the case that the court, yes. You're out of time. Oh, I'm sorry. We'll hear from Westchester County. Good morning, your honor, and may it please the court. Dave Chen of the Westchester County Attorney's Office on behalf of the Westchester County Board of Legislators. This court's decision in the related case of Fotia v. New York, it's directly on point. So, I'll just briefly address two arguments from Appellant's reply. First, Appellants argue that their Guarantee Clause claim is justiciable because they're challenging what they describe as the Board of Legislators' abuse of power. But as you just heard, the abuse to which they're referring is simply local law raising legislators' salaries. There's simply nothing in the Guarantee Clause prohibiting such law. Thousands of such laws have been passed by legislators around the country and legislative bodies around the country. None, to my knowledge, have been struck down under the Guarantee Clause. It's worth noting, your honors, that the Board of Legislators is specifically empowered by the Westchester County Code, which was in turn ratified by Westchester voters to set the compensation of its members. Politician's salary is a quintessential political issue, not a judiciable one. And if Appellants are unhappy with it, there are many remedies available to them. They're free to vote against any legislator that supports the law. They're free to run for office themselves and try to repeal such a law. And they're free to speak out against it or petition against it, which, as your honors noted, they in fact did. Which brings us to their First Amendment Clause. The Supreme Court made abundantly clear in that the right to petition requires government policy makers to listen or respond. What about Duryea? They're relying on Duryea. We addressed that in your honor. I think Duryea brings up that there are mentions, I think, in passing that there are other historical considerations, your honor, as does the concurrence in We the People, which is the and Duryea, they're just noting that the Supreme Court's Petition Clause jurisprudence doesn't really address historical issues. And I think Judge Rogers in We the People referred to this as an interesting question, and it may very well be. But he also joined the majority in that court in holding unequivocally that, quote, plaintiffs contend they have a right under the First Amendment to receive a government response to or official consideration of a petition for redress of I would just note that this court has followed suit in body Alexander, which is a case that one of the cases we cite in our briefs. I think that with that said, unless there are any questions on either of these two issues, I'll defer the remaining time to the Town of Harrison. Thank you. Mr. Finkel? Good morning, your honor. May it please the court. My name is Richard Finkel. I represent the Town of Harrison. I will not repeat what Mr. Chen argued with respect to the substantive aspects of the claims before the court. The claims against the town were dismissed solely on standing grounds. The appellants are non-residents of the Village of Harrison who are essentially challenging the adoption of a budget, a local budget, a town budget. They do not reside in the Town of Harrison. They have not demonstrated an injury, in fact, arising from the town budget's adoption. And they raise no issues here with respect to standing, with respect to the guarantee clause, or with respect to the petition clause that have not been passed upon by this court on numerous occasions. With respect to standing, although it's a summary order, the court issued a very similar determination in Schulz v. Jennings where the appellants, as non-residents of the City of Albany, argued that they had standing, but their injury was no different than that of any other state taxpayer. And accordingly, this court affirmed the dismissal of the claim on standing grounds. So unless the court has any questions for me, I will not spend any more of its time on issues that it's passed upon numerous times before. Thank you. Thank you all. The court will reserve decision. As the remaining cases are on submission, I'll ask the deputy to adjourn. Course then is adjourned.